The STATE of Ohio, Appellee,

v.

HARRIS, Appellant.

[Cite as *State v. Harris,* 190 Ohio App.3d 417, 2010-Ohio-5374.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 95128.

Decided Nov. 4, 2010.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Thorin Freeman, Assistant Prosecuting Attorney, for appellee.

Mario Harris, pro se.

---

MELODY J. STEWART, Judge.

{¶ 1} Defendant-appellant, Mario Harris, appeals the orders in two criminal cases that deny his motions for sentencing. Appellant argues that because the trial court failed to impose the driver's license suspension and fine mandated by statute for drug-trafficking convictions, his sentences are void and he must be resentenced. Because this appeal challenges the denial of appellant's motions for sentencing filed in two separate criminal cases, we will address each case separately.

## Case No. CR–510551

{¶ 2} In case No. CR–510551, appellant was charged in a three-count indictment for drug possession in violation of R.C. 2925.11(A), drug trafficking in violation of R.C. 2925.03(A)(2), and possession of criminal tools in violation of R.C. 2923.24(A).[1] Each count included a forfeiture specification for a vehicle used in the commission of the offense. On May 27, 2008, appellant entered a guilty plea to the trafficking offense with the forfeiture specification. The remaining counts were nolled.

{¶ 3} In the judgment entry dated May 27, 2008, the trial court imposed a prison term of six months, to be served consecutively to the sentence in case No. CR–506498, and ordered forfeiture of the vehicle. However, the trial court neglected to suspend appellant's driver's license. Pursuant to statute, appellant's fifth-degree felony-trafficking conviction carries with it a mandatory driver's license suspension of between six months and five years. R.C. 2925.03(G). When a sentence fails to impose a mandated term such as a driver's license suspension, that sentence is void. *State v. Donahue*, 8th Dist. No. 89111, 2007-Ohio-6825, 2007 WL 4442669, at ¶ 22. When a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to resentence the defendant. Id., citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774. Therefore, we reverse the judgment in case No. CR–510551 and remand for resentencing.

---

1. All documents and journal entries subsequent to the indictment show the defendant's name as "Mario Harris," while the indictment shows the defendant's name as "Calvin Harris."

{¶ 4} In case No. CR–506498, the grand jury indicted appellant on multiple counts, including drug trafficking, drug possession, possession of criminal tools, and having a weapon while under disability. The trafficking offenses included a schoolyard specification, a one-year firearm specification, and a forfeiture specification for cash, cell phones, and a Smith & Wesson revolver. The weapons-under-disability offense included a forfeiture specification for the revolver.

{¶ 5} On May 27, 2008, appellant entered a guilty plea to one count of drug trafficking in violation of R.C. 2925.03(A)(1) with the schoolyard, firearm, and forfeiture specifications (a third-degree felony), and one count of having a weapon while under disability in violation of R.C. 2923.13(A)(3) with the forfeiture specification. The remaining counts were nolled. The guilty pleas, disposition of the remaining counts, and order of forfeiture were recorded in a judgment entry dated May 27, 2008.

{¶ 6} By a separate entry dated June 3, 2008, the court sentenced appellant to a mandatory one-year prison term on the firearm specification, to be served consecutively to a three-year term on the trafficking offense, and a one-year term on the weapons-under-disability offense, for a total of five years. However, the court neglected to suspend appellant's driver's license or to impose a fine. Pursuant to statute, a third-degree felony drug-trafficking conviction carries with it a mandatory fine and driver's license suspension. R.C. 2925.03(D)(1)(2) and (G).

{¶ 7} While this case presents the same error as the one involved in the prior case, a procedural error by the trial court in announcing its judgment mandates that we reach a different result. In issuing judgment, the trial court employed two separate journal entries to record appellant's plea and sentence. However, only one document can constitute a final, appealable order. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17. Since the second judgment entry fails to account for the order of forfeiture recorded in the first entry, it is not a final, appealable order. As a result, we are without jurisdiction to review any order of the trial court relating to case No. CR–506498, including the trial court's denial of appellant's motion to resentence. While our disposition of the prior case suggests the proper course of action for the trial court, we find that we have no choice but to dismiss the appeal in this case for lack of a final, appealable order.

{¶ 8} Accordingly, appellant's single assignment of error is sustained in part. The judgment in case No. CR–510551 is reversed, and the cause is remanded for

resentencing. The appeal in case No. CR–506498 is dismissed for lack of a final, appealable order.

Judgment accordingly.

Rocco, P.J., and Dyke, J., concur.