[Cite as *State v. Burston*, 2012-Ohio-160.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   96979

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICO BURSTON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-504827, CR-506032, and CR-512011

**BEFORE:**   E. Gallagher, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   January 19, 2012
**FOR APPELLANT**

Rico Burston, pro se
Inmate # 560-164
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio    44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Mary McGrath
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113


EILEEN A. GALLAGHER, J.:

{¶ 1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Local App.R. 11.1.

{¶ 2} Rico Burston appeals from the denial of his motion to correct a void sentence. Burston argues the trial court's failure to impose the statutorily mandated driver's license suspensions pursuant to R.C. 2925.03(G) and 2925.11(E)(2) renders his sentences in cases CR-504827, CR-506032, and CR-512011 void.   Finding merit to this appeal, we reverse and remand for resentencing to address the Ohio driver's license suspension.

{¶ 3} This appeal concerns three criminal cases in which Burston was convicted on

four counts of drug trafficking and one count of drug possession, all with forfeiture specifications. The trial court sentenced Burston on or about November 10, 2008 to a cumulative prison term of six years, with three years of postrelease control. Because the initial sentencing entries did not address the forfeiture specifications, there was no final appealable order. *See State v. Byrd*, 8th Dist. No. 91090, 2009-Ohio-1876, 2009 WL 1086812. As a result, Burston moved to correct the entries to comply with Crim.R. 32(C). On June 25, 2009, the trial court entered nunc pro tunc journal entries that included the forfeiture specifications.

{¶ 4} Burston appealed, seeking reversal of his guilty plea and the resulting six year prison sentence. On October 21, 2010, this court overruled Burston's appeal and affirmed his guilty plea and sentence. *See State v. Burston*, 8th Dist. No. 93645, 2010-Ohio-5120, 2010 WL 4136981.

{¶ 5} On June 7, 2011, the defendant filed a motion to correct void sentences and lack of a final appealable order, claiming that because the trial court failed to impose the mandatory license suspension in all three of his cases, his sentences were void. The trial court denied Burston's motion. Burston appeals, raising a single assignment of error:[1]

---

[1]"[V]oid sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

The trial court abused its discretion when it denied Burston's motion for sentencing to correct void sentences and lack of a final, appealable order, thereby denying his right to Due Process and Equal Protection in violation of the Fourteenth Amendment to the United States Constitution.

{¶ 6} Burston's appeal is primarily based on *State v. Harris*, 190 Ohio App.3d 417, 2010-Ohio-5374, 942 N.E.2d 407 (8th Dist. 2010), in which this court held that a sentence is void where the trial court failed to impose a mandatory driver's license suspension.[2]

{¶ 7} Similar to *Harris*, the trial court in Burston's case failed to suspend Burston's driver's license when it sentenced him on all three underlying cases. Pursuant to statute, Burston's four convictions all carry with them a mandatory driver's license suspension of between six months and five years. R.C. 2925.03(G), R.C. 2925.11(E)(2). As stated in *Harris*, when a sentence fails to impose a mandated term such as a driver's license suspension, that sentence is void. *See* also, *State v. Donahue*, 8th Dist. No. 89111, 2007-Ohio-6825, 2007 WL 4442669. "When a sentence is void because it does not contain a statutory mandated term, the proper remedy is to resentence the defendant." Id., citing *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984).

{¶ 8} In view of the fact that appellant is currently serving a six year prison term, and

---

[2] The Ohio Supreme Court certified that a conflict existed between this court's decision in *Harris* and *State v. Thomas*, 1st Dist. Nos. C-090716 and C-090463, 2010-Ohio-4856 (1st Dist. 2010), in which the First Appellate District held that "a driver's license suspension is not a 'statutorily mandated term' akin to postrelease control." Ohio Supreme Court Case No. 2011-0010, which was argued on November 15, 2011.

the maximum license suspension that can be imposed is five years, this appeal is essentially an exercise in futility and purely an academic exercise. However, in conjunction with this court's prior precedent, we reverse the judgment of the trial court and remand for resentencing on Case Nos. CR-504827, CR-506032, and CR-512011.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, J., CONCURS; and
MELODY J. STEWART, P.J., CONCURS
IN JUDGMENT ONLY