THE STATE OF OHIO, APPELLANT, *v.* HARRIS, APPELLEE.

[Cite as *State v. Harris,* 132 Ohio St.3d 318, 2012-Ohio-1908.]

*Criminal law—Sentencing—Omission of statutorily required driver's license suspension—Sentence void in part—Resentencing limited to imposition of suspension—Final, appealable orders—Crim.R. 32(C)—Order of forfeiture need not be in judgment entry of conviction.*

(Nos. 2011-0008 and 2011-0010—Submitted November 15, 2011—Decided May 3, 2012.)

CERTIFIED by and APPEAL from the Court of Appeals for Cuyahoga County, No. 95128, 190 Ohio App.3d 417, 2010-Ohio-5374

_____

SYLLABUS OF THE COURT

1. When a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void. Resentencing of the offender is limited to the imposition of the mandatory driver's license suspension.

2. A journal entry of conviction need not include a nonmandatory, related forfeiture in order to be a final, appealable order pursuant to Crim.R. 32(C).

_____

MCGEE BROWN, J.

{¶ 1} This matter involves a certified question related to a conflict between the First and Eighth District Courts of Appeals on whether the failure to include a mandatory driver's license suspension in a criminal sentence renders the sentence void. For the reasons that follow, we answer the question in the affirmative.

{¶ 2} We also accepted discretionary jurisdiction on the following proposition of law: "Because forfeiture of items contemplates actions and issues that extend beyond the criminal case and sentence, Crim.R. 32(C) does not require [that]

the forfeiture of items be listed in the sentencing entry." We agree and reverse the Eighth District Court of Appeals.

## I. Factual and Procedural Background

{¶ 3} We are presented with two criminal cases against Mario S. Harris Jr. Because the facts in each case are different, we will refer to the cases as *Harris I* and *Harris II* for ease of discussion. In *Harris I*, Harris pleaded guilty to drug trafficking with schoolyard, firearm, and forfeiture specifications and to having a weapon while under a disability with a forfeiture specification. In a June 3, 2008 journal entry, the trial court imposed a prison sentence of five years but failed to impose a mandatory driver's license suspension and fine,[1] as required by R.C. 2925.03(D) and (G). In a June 4, 2008 entry, the trial court ordered the forfeiture of the items specified in the indictment. On January 15, 2010, Harris filed a pro se motion for resentencing, which the court denied. On Harris's appeal, the Eighth District held that pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, the trial court's denial of Harris's motion was not a final, appealable order, because the sentencing court had failed to include the terms of forfeiture in the 2008 judgment of conviction. *State v. Harris*, 190 Ohio App.3d 417, 2010-Ohio-5374, 942 N.E.2d 407, ¶ 7 (8th Dist.).

{¶ 4} In *Harris II*, Harris pleaded guilty to drug trafficking with an automobile-forfeiture specification. In a June 3, 2008 entry, the trial court imposed a prison sentence and ordered the forfeiture. The court, however, failed to suspend Harris's driver's license as required by R.C. 2925.03(D)(2) and (G). In 2010, the court denied Harris's motion for resentencing. On appeal, the Eighth District held that pursuant to *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984), the sentence was void because the trial court had failed to include a mandatory driver's license suspension as part of Harris's sentence. *Harris* at ¶ 3. The court reversed the denial of the motion and remanded the case for resentencing. *Id.*

---

1. We declined to accept a proposition of law concerning the failure to include the fine.

{¶ 5} The Eighth District certified a conflict between its decision and the First District Court of Appeals' decision in *State v. Thomas*, 1st Dist. Nos. C-090716 and C-090463, 2010-Ohio-4856. We determined that a conflict exists. 128 Ohio St.3d 1423, 2011-Ohio-1049, 943 N.E.2d 571. The state also appealed the Eighth District's decision, and we accepted discretionary jurisdiction over the appeal to consider the state's second proposition of law. 128 Ohio St.3d 1425, 2011-Ohio-1049, 943 N.E.2d 572. We consolidated the cases for review.

## II. Analysis

**Statutorily Mandated Term**

{¶ 6} We first address the conflict: "Does the failure to include a mandatory driver's license suspension in a criminal sentence render that sentence void?"

{¶ 7} This court has consistently recognized a narrow exception to the general rule that sentencing errors are not jurisdictional. *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964); *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Where a trial court fails to impose a sentence in accordance with statutorily mandated terms, it is void. *Colegrove* at 438; *Beasley,* 14 Ohio St.3d at 75, 471 N.E.2d 774; *Fischer* at ¶ 8.

{¶ 8} After comprehensive changes were made to the criminal sentencing code under 1995 Am.Sub.S.B. No. 2, effective July 1, 1996, we have had cause to consider numerous cases involving instances in which a trial court has failed to properly include a statutorily mandated term in an offender's sentence. *Woods v. Telb*, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301; *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958; *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278; *Fischer*.

{¶ 9} In *Jordan*, we reviewed the statutory requirements for the imposition of postrelease control and held that because a trial court has a statutory duty to

provide notice of postrelease control at the sentencing hearing, any sentence imposed without that notification is contrary to law. *Jordan* at ¶ 23. The court determined that a trial court is required to notify the offender about postrelease control at the sentencing hearing and is further required to incorporate that notice into its journal entry imposing sentence. *Id*. at ¶ 9. The court determined that the proper remedy for any sentencing error was to remand to the trial court for resentencing. *Jordan* at ¶ 27.

{¶ 10} The court reiterated this principle in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16, in which the court held that when an offender is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. *Id.* at ¶ 16. In considering the type of resentencing, the court held that when a court of appeals remands a case for resentencing because of the trial court's failure to inform the offender at the sentencing hearing that he or she may be subject to postrelease control, the court must conduct a new sentencing hearing in its entirety rather than a hearing limited to reimposing the original sentence with proper notice of postrelease control. *Id.* at ¶ 13, *overruled*, *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 36.

{¶ 11} In *Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, we considered whether a trial court's failure to inform an offender in open court of mandatory court costs rendered the offender's entire sentence void. We held that it did not. We explained that there were significant differences between postrelease control and court costs. Specifically, a trial court has a statutory duty to impose postrelease control, while an order to require payment of court costs is discretionary. *Id*. at ¶ 14-18. Moreover, we noted that the civil nature of court costs distinguished it from the criminal punishment of postrelease control. *Id.* at ¶ 20-22.

{¶ 12} The court in *Fischer* reaffirmed part of the holding in *Bezak*, finding that a sentence that fails to include postrelease control is void, but added the proviso

that only the offending portion of the sentence is subject to review and correction. *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 27. The court modified the *Bezak* holding in respect to the type of resentencing that an offender is entitled to receive, *Fischer* at ¶ 28, and held that the new sentencing hearing is limited to proper imposition of postrelease control, *id*. at ¶ 29.

{¶ 13} In this case, the Eighth District held that the trial court's failure to include a mandatory driver's license suspension rendered the criminal sentence void pursuant to *Beasley.* The First District in *State v. Thomas*, 2010-Ohio-4856, held that because "a [mandatory] driver's license suspension is not * * * akin to postrelease control," a sentence lacking the mandatory driver's license suspension term is not void. *Id.* at ¶ 11, citing *State v. Fain*, 188 Ohio App.3d 531, 2010-Ohio-2455, 936 N.E.2d 93, ¶ 6 (1st Dist.).

{¶ 14} We acknowledge that the First District's decision in *Fain* relies on our decision in *Joseph.* However, a mandatory driver's license suspension is akin to postrelease control. Like postrelease control, a driver's license suspension is required by law to be part of an offender's sentence. R.C. 2925.03(D)(2) and (G). In addition, if a trial court fails to include either mandatory term, the executive branch is unable to impose either postrelease control or a driver's license suspension once an offender leaves prison. *Joseph,* 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, at ¶ 17. Unlike the imposition of court costs, a mandatory driver's license suspension is a criminal sanction.

{¶ 15} Because a mandatory driver's license suspension is a statutorily mandated term, we hold that a trial court's failure to include this term in a criminal sentence renders the sentence void in part. *Fischer*. Our conclusion reflects the well-established principle that a court acts contrary to law if it fails to impose a statutorily required term as part of an offender's sentence. *Colegrove*; *Beasley*.

{¶ 16} Our conclusion, however, resolves only one part of the matter before us. As we discussed in *Fischer*, the scope of relief is a critical aspect of void

judgments. *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 18. We held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis sic.) *Id.* at ¶ 26. Although we explicitly limited our decision to those cases in which a court does not properly impose a statutorily mandated period of postrelease control, *id.* at ¶ 31, we find the same logic in *Fischer* to be controlling when it comes to other statutorily mandatory terms.

{¶ 17} In *Fischer*, we found the illegal-sentence doctrine persuasive:

"A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.' " *Edwards v. State* (1996), 112 Nev. 704, 708, 918 P.2d 321, quoting *Allen v. United States* (D.C.1985), 495 A.2d 1145, 1149. It is, however, an appropriate vehicle for raising the claim that a sentence is facially illegal at any time. Id. The scope of relief based on a rule * * * is likewise constrained to the narrow function of correcting only the illegal sentence.

*Id.* at ¶ 25. This rationale applies with equal force in cases in which a mandatory driver's license suspension was not included in the sentencing entry.

{¶ 18} Therefore, we hold that when a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void. We further hold that resentencing of the offender is limited to the imposition of the mandatory driver's license suspension.

**Final, Appealable Order**

{¶ 19} We next turn to the state's discretionary appeal, which asks the court to conclude that because forfeiture of items contemplates actions and issues that

extend beyond the criminal case and sentence, Crim.R. 32(C) does not require that the forfeiture of items be listed in the sentencing entry.

{¶ 20} Because the 2008 judgment entry ordering forfeiture in *Harris I* was separate from the entry of conviction, the court of appeals stated that there was no final, appealable order and dismissed this part of the appeal. But the order on appeal was not the 2008 judgment—it was the 2010 denial of the motion for resentencing. The court had appellate jurisdiction over that order, whether or not the 2008 entry was appealable, just as it had jurisdiction over the similar denial of the motion for resentencing in *Harris II*.

{¶ 21} The court of appeals erred in dismissing this part of the appeal. Rather than remanding to the court of appeals, we now render the judgment that the court of appeals should have rendered. For the same reasons stated above as to *Harris II*, we hold that the trial court erred in denying the motion for resentencing. On remand, resentencing is limited to imposition of the required license suspension. As to the 2008 forfeiture order in *Harris I*, for the following reasons, we hold that it need not be stated in the judgment of conviction, and on remand, the trial court need not combine the entry of conviction and the forfeiture order.

{¶ 22} We held in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, that a judgment of conviction complies with Crim.R. 32(C) when it sets forth four essential elements. *Id.* at syllabus. We have since clarified those elements to be (1) the fact of conviction, (2) the sentence, (3) the signature of the judge, and (4) entry on the journal by the clerk of courts. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus, modifying *State v. Baker*.

{¶ 23} If a judgment of conviction includes these substantive provisions, it is a final order subject to appeal under R.C. 2505.02. *Lester* at ¶ 14. In *Baker*, we observed that the meaning of the substantive requirements could be determined by looking to the plain language of Crim.R. 32(C), our precedent, and any relevant

statutes. *Baker* at ¶ 11. Upon consideration of this information, a court can determine whether certain terms are required to be included in a judgment of conviction. *Id*.

{¶ 24} In *Harris I*, the Eighth District held that because the sentencing entry failed to include any information about the forfeiture specifications, the entry was not a final, appealable order. *State v. Harris*, 190 Ohio App.3d 417, 2010-Ohio-5374, 942 N.E.2d 407, ¶ 7. However, to reach this conclusion, the forfeiture would necessarily have had to fall within the scope of one of the four essential elements. We do not find that a forfeiture constitutes any of the substantive requirements necessary for compliance with Crim.R. 32(C).

{¶ 25} First, an order of forfeiture does not constitute a conviction. In *State v. Tuomala*, 104 Ohio St.3d 93, 2004-Ohio-6239, 818 N.E.2d 272, ¶ 14, we explained that "[a] 'conviction' is an 'act or process of judicially finding someone guilty of a crime,' " quoting *Black's Law Dictionary* 335 (7th Ed.1999). "An offense is defined when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty * * *." R.C. 2901.03(B).

{¶ 26} A forfeiture of items does neither. R.C. 2981.04(B) provides:

> If a person pleads guilty to or is convicted of an offense * * * and the complaint, indictment, or information charging the *offense* * * * contains a *specification* covering property subject to forfeiture under section 2981.02 of the Revised Code, the trier of fact shall determine whether the person's property shall be forfeited.

(Emphasis added.) No positive prohibition or specific duty to be enjoined is present in the statute. Moreover, by its very terms, the statute distinguishes between the underlying criminal offense and the forfeiture specification.

{¶ 27} In addition, R.C. 2981.04(B) requires that the state or political subdivision prove only by a preponderance of the evidence that property is subject to forfeiture under R.C. 2981.02. To obtain a conviction, in contrast, the state must prove all the elements of the offense beyond a reasonable doubt. For these reasons, we conclude that a forfeiture of items does not constitute a conviction and therefore cannot be considered as a "fact of the conviction," as that phrase is used in the syllabus of *Lester,* for purposes of Crim.R. 32(C).

{¶ 28} Second, an order of forfeiture is not a sentence. R.C. 2929.01(EE) provides that the word "sentence" means "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." The word "sanction" is defined by R.C. 2929.01(DD) to mean "*any penalty imposed* upon an offender who is convicted of or pleads guilty to an offense, as punishment *for the offense*." (Emphasis added.) Both of these statutes convey a clear and definite meaning. Simply put, a sentence is a penalty or combination of penalties imposed on a defendant as punishment for the offense he or she is found guilty of committing.

{¶ 29} In *Harris I*, Harris pleaded guilty to one count of drug trafficking in violation of R.C. 2925.03(A)(1) and one count of having a weapon while under a disability in violation of R.C. 2923.13(A)(3), with the attendant forfeiture specifications. Neither statute required forfeiture to be included as a punishment for Harris's offenses. Forfeiture is a civil, not criminal, penalty. Accordingly, the trial court was not required to include forfeiture of items in the judgment of conviction.

{¶ 30} Harris argues that the forfeiture statute itself refers to an order of forfeiture as a "sentence" in R.C. 2981.04(C). In addition, Harris contends that this court has previously determined in *State v. Hill*, 70 Ohio St.3d 25, 635 N.E.2d 1248 (1994), that forfeiture is a punishment for an offense. Consequently, Harris argues, the forfeiture of items constitutes a sentence under Crim.R. 32(C). We do not agree.

{¶ 31} R.C. 2981.04(C) states:

If the court enters a verdict of forfeiture under this section, the court imposing sentence or disposition, *in addition to any other sentence* authorized by Chapter 2929. of the Revised Code * * *, shall order that the offender * * * forfeit to the state or political subdivision the offender's * * * interest in the property.

(Emphasis added.) The statute must be read in pari materia with R.C. 2981.04(B), which refers to the offense to which a person pleads guilty or of which the person is convicted. Thus, properly interpreted, the language in R.C. 2981.04(C) means that a verdict of forfeiture can be imposed in addition to any sentence authorized as punishment for a criminal offense pursuant to R.C. Chapter 2929. R.C. 2981.04(C) does not describe a forfeiture as a sentence.

{¶ 32} Likewise, our decision in *Hill* does not support Harris's position. In *Hill*, we held that forfeiture of property pursuant to R.C. 2925.42 was a form of punishment for the specified offense of felony drug abuse. *Hill*, 70 Ohio St.3d at 34, 635 N.E.2d 1248. We reached this conclusion because the criminal statute itself required an offender to lose any right to possession of property and to forfeit to the state any interest the defendant may have had in property that was an integral part of the criminal activity. Former R.C. 2925.42(A)(1)(b), 143 Ohio Laws, Part I, 1406. Thus, the forfeiture was a statutorily required punishment for the drug-abuse offense. In this case, a forfeiture of items is not a required punishment for drug trafficking or having a weapon while under a disability and therefore is not a sentence for purposes of Crim.R. 32(C).

{¶ 33} Moreover, the forfeiture of items contemplates judicial action and additional considerations that extend beyond a defendant's criminal case. The proceeding itself requires an additional finding by the trier of fact. R.C. 2981.04(B). Issues concerning the defendant's interest and the ability to seize the property also

must be considered. R.C. 2981.06. And these determinations may be made by the trier of fact after the court finds the defendant guilty of the offense. R.C. 2981.04(B).

### III. Conclusion

{¶ 34} We hold that when a trial court fails to impose a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void; resentencing is limited to the imposition of the statutorily mandated term.

{¶ 35} We further hold that a journal entry of conviction need not include a nonmandatory, related forfeiture in order to be a final, appealable order pursuant to Crim.R. 32(C). The judgment of the court of appeals is reversed, and the cause is remanded.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., dissents.

_____

**LANZINGER, J., dissenting.**

{¶ 36} Once again, the majority ignores the line of cases that repeatedly held that sentencing errors are nonjurisdictional and that these errors are properly corrected on appeal. *See, e.g., Blackburn v. Jago*, 39 Ohio St.3d 139, 529 N.E.2d 929 (1988) (appeal or postconviction relief is proper to remedy sentencing error); *Majoros v. Collins*, 64 Ohio St.3d 442, 443, 596 N.E.2d 1038 (1992) (sentencing errors are not jurisdictional); *Johnson v. Sacks*, 173 Ohio St. 452, 454, 184 N.E.2d 96 (1962) ("The imposition of an erroneous sentence does not deprive the trial court of jurisdiction").

{¶ 37} In this case, the majority declares that the failure to impose a mandatory driver's license suspension renders that part of the sentence void, thus

continuing to apply its own unique definition of "void." The United States Supreme Court, however, concluded unanimously:

> A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933); see also *id.,* at 1709 (9th ed.2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments [§] 22 (1980); see generally *id.,* § 12. * * *
>
> "A judgment is not void," for example, "simply because it is or may have been erroneous."

*United Student Aid Funds, Inc. v. Espinosa*, ___ U.S. ___, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010), quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir.1995). Because a void sentence would be a legal nullity, a defendant who is subjected to a void sentence should receive the benefit of the resentencing mandated by R.C. 2929.19.[2] Instead, the majority offers a limited resentencing in violation of defendants' due process rights.

{¶ 38} In this court's most recent opinion on its reconfigured meaning of the term "void sentence," it was stated:

---

2. R.C. 2929.19(A) states:

> The court shall hold a sentencing hearing * * * *before resentencing* an offender * * *. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative * * *, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.

(Emphasis added.)

> Our decision today is *limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control.* In cases involving postrelease control, we will continue to adhere to our narrow, discrete line of cases addressing the unique problems that have arisen in the application of that law and the underlying statute.

(Emphasis added.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 31. Thus, only error in imposing postrelease control was to be treated differently from other types of sentencing errors and was justified by a "discrete" and "narrow" line of cases. *See State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. But although supposedly its application was to be limited, *Fischer*'s reach now appears to extend to driver's license suspension. Soon it will apply to every type of error relating to a mandatory sentencing term—hardly a narrow or discrete exception. Any sentence imposed without a mandatory term (in this case, a license suspension) will be labeled void, but "void" in the meaning of the *Princess Bride*—being not dead, just mostly dead—because defendants are being denied the true remedy for a void judgment, a complete resentencing.

{¶ 39} As redefined and used herein, the void sentence is potentially correctable at any time without a sentencing hearing regardless of the passage of time for appeal. Carried to the limit, any sentencing error involving a mandatory term will be subject to appellate review without the usual 30-day time constraints. I strongly dissent from this further weakening of res judicata in criminal cases. To allow belated collateral attack in addition to appeal undermines the principles of res judicata. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.

{¶ 40} I would also affirm the judgment of the court of appeals with respect to the forfeiture. It seems logically inconsistent to say, without any citation to

authority, that "[u]nlike the imposition of court costs, a mandatory driver's license suspension is a criminal sanction," majority opinion at ¶ 14, but then conclude that a forfeiture is not part of the sentence, *id.* at ¶ 28. This is so especially since we previously determined that forfeiture is a form of punishment for a specific offense and is in the nature of a fine. *State v. Hill*, 70 Ohio St.3d 25, 635 N.E.2d 1248 (1994), syllabus.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Sarah G. LoPresti, Assistant Public Defender, for appellee.

_____