[Cite as *State v. Arrazzaq*, 2012-Ohio-4365.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110831<br>TRIAL NO. B-1100359 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| ULEMA ARRAZZAQ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Common Pleas Court

Judgment Appealed From Is:  Affirmed in Part, Vacated in Part, and Cause
                                    Remanded

Date of Judgment Entry on Appeal:  September 26, 2012


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Elizabeth E. Agar*, for Defendant-Appellant.


Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}     After his motion to suppress was denied, defendant-appellant Ulema Arrazzaq pleaded no contest to trafficking in cocaine, possession of cocaine, carrying a concealed weapon, and having a weapon while under a disability. Both drug offenses carried firearm specifications.  In one assignment of error, he claims that the trial court improperly denied his motion to suppress.  While we disagree with Arrazzaq's position on the motion to suppress, an error in his sentence requires us to vacate his sentence in part and remand this case for correction of the sentencing error.

### Facts and Procedure Below

{¶2}     Arrazzaq was parked in the parking lot of a motel when spotted by Hamilton County Deputy Sheriff Dan Bremerer.  Bremerer saw Arrazzaq engaging in suspicious activity in the front seat—appearing to slouch to avoid being seen—and he also noticed that the car did not have a properly displayed front license plate.  Bremerer testified that the motel is known as a hot spot for criminal activity.  Bremerer waited for Arrazzaq to pull out of the parking lot, but lost sight of him shortly thereafter.  Bremerer saw him about ten minutes later and, having run the plates, had learned that Arrazzaq was driving with an expired license.

{¶3}     Bremerer initiated a traffic stop, and was soon joined by Deputy Stephen Boster.  Although Bremerer had made the determination that he would have to do an inventory search of the car since Arrazzaq could not legally drive it from the scene, Boster asked for Arrazzaq's consent to search the vehicle.  According to Boster, he asked Arrazzaq if he had a "problem with me looking inside your vehicle?"  Boster said that

Arrazzaq's exact response was "go ahead and do your thing." During the search, the deputies found crack cocaine and a handgun.

{¶4} At the hearing on the motion to suppress, Arrazzaq testified and denied consenting to the search. Arrazzaq stated that when Boster had asked for permission to search the car, he had said, "No, sir. There's no reason for you to search my vehicle."

{¶5} The trial court denied Arrazzaq's motion to suppress, and he pleaded no contest to all counts in the indictment.

## The Motion to Suppress

{¶6} In his sole assignment of error, Arrazzaq claims that the trial court improperly denied his motion to suppress. In particular, he argues that the warrantless search of his vehicle was improper, that he did not voluntarily consent to the search, and that the search was not justified under the inventory exception to the warrant requirement. We conclude that the trial court properly denied the motion to suppress.

{¶7} Appellate review of a motion to suppress involves a mixed question of law and fact. *See State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When considering a motion to suppress, the trial court is the trier of fact and is in the best position to resolve factual questions and to evaluate the credibility of witnesses. *Id.* An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* The appellate court must then determine, without any deference to the trial court, whether the facts satisfy the applicable legal standard. *Id.*

{¶8} A search conducted without a warrant issued upon probable cause is per se unreasonable, subject to a few specifically established exceptions. *See Schneckloth v.*

3

*Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). One of those exceptions is a search conducted after the subject has given consent. *Id.*

{¶9} In this case, Deputy Boster testified that he had asked Arrazzaq if he could search the vehicle and that Arrazzaq had consented to that search. In contrast, Arrazzaq testified that he had told Boster that he did not have permission to search the vehicle. Arrazzaq testified that there had been no reason for the deputies to search the vehicle, and that he had not consented. He testified that the deputies searched the vehicle over his objections.

{¶10} So, in this case, the question becomes one of determining which version of events to credit. Matters as to the credibility of evidence are for the trier of fact to decide. *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 116. This is particularly true regarding the evaluation of witness testimony. *State v. Williams*, 1st Dist. Nos. C-060631 and C-060668, 2007-Ohio-5577, ¶ 45, citing *Bryan, supra*. We will not reverse a decision because the trial court chose one credible version of events over another.

{¶11} Because the record supports the conclusion that Arrazzaq consented to the search of his vehicle, we conclude that the trial court properly denied his motion to suppress. While Arrazzaq also argued that the deputies conducted an improper inventory search of the vehicle, the record does not support this argument. The deputies testified that Arrazzaq consented to the search of the vehicle prior to their initiation of the inventory search.

{¶12} For the foregoing reasons, Arrazzaq's sole assignment of error is overruled.

**Failure to Impose License Suspension**

{¶13}   While we have rejected Arrazzaq's argument with regard to his motion to suppress, a review of the record has revealed that the trial court failed to impose a mandatory driver's license suspension upon his convictions for the drug offenses.

{¶14}   R.C. 2925.03(D)(1) provides that for an offender who violates R.C. 2925.03(A), the trial court "shall suspend the driver's or commercial driver's license or permit of the offender in accordance with division (G) of this section."  In this case, the trial court did not impose any type of license suspension on Arrazzaq.  When a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void. Resentencing of the offender is limited to the imposition of the mandatory driver's license suspension.  *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908; 972 N.E.2d 509, paragraph one of the syllabus.

{¶15}   Arrazzaq's sentence is void to the extent that the trial court's judgment did not include the required driver's license suspension.  Therefore, we must vacate that portion of the judgment of the trial court, and remand this case for the limited purpose of allowing the trial court to impose the required driver's license suspension.  In all other respects, including the trial court's determination of guilt, the judgment of the trial court is affirmed.

Judgment affirmed in part, vacated in part, and cause remanded.

**HILDEBRANDT, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

5