[Cite as *State v. McCallister*, 2015-Ohio-3112.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2014CA00195 |
| JOHN LAWRENCE MCCALLISTER | : |  |
| AKA JOHN LAWRENCE | : |  |
| MCCALLISTER | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING: Criminal appeal from the Stark County Court of Common Pleas, Case No. 2014CR1212

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: August 3, 2015

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
STARK COUNTY PROSECUTOR
BY: RENEE WATSON
110 Central Plaza S., Ste. 510
Canton, OH 44702

For Defendant-Appellant

TAMMI JOHNSON
Public Defender's Office
201 Cleveland Ave. S.W., Ste. 104
Canton, OH 44702

*Gwin, P.J.*

{¶1} Appellant John Lawrence McCallister ("McCallister"] appeals the October 2, 2014 Judgment Entry of the Stark County Court of Common Pleas overruling his motion to dismiss and the October 7, 2014 Judgment Entry of that court finding him guilty of Escape.

*Facts and Procedural History*

{¶2} A statement of the facts underlying McCallister's criminal conviction is not necessary to our resolution of this appeal.

{¶3} On May 25, 2011, McCallister entered a negotiated guilty plea to one count of Robbery, a felony of the third degree in violation of R.C. 2911.02(A)(3) in Stark County Court of Common Pleas, Case No. 2011CR0322. A "Plea of Guilty(F3) Criminal Rule 11(C)" entry signed by McCallister, his attorney, the prosecuting attorney and the trial judge was filed as part of the trial court's Judgment Entry Change of Plea and Presentence Investigation, Stark County Court of Common Pleas, Case No. 2011CR0322 on May 9, 2011.

{¶4} McCallister did not appeal or otherwise challenge his conviction and sentence. Following his release from prison on February 21, 2013, McCallister began serving his mandatory 3-year term of post-release control.

{¶5} On August 27, 2014, McCallister was indicted by the Stark County Grand Jury for one count of Escape, a felony of the fifth degree in violation of R.C. 2921.34(A)(3)(c)(3) in Stark County Court of Common Pleas, Case No. 2014CR1212. The basis for the Escape charge was a violation of the terms and conditions of post-release control.

{¶6} On September 5, 2014, McCallister filed a motion to dismiss the Indictment arguing that because he was improperly advised of post-release control, the trial court was required to dismiss his escape charge and release him from his post-release control obligations. The trial court overruled the motion by Judgment Entry filed October 2, 2014.

{¶7} On October 1, 2014, McCallister entered a plea of "no contest" to the Escape charge, and the trial court found him guilty. By Judgment Entry filed October 7, 2014, McCallister was sentenced to six months. The trial court advised McCallister of the non-mandatory three-year post-release control period and the consequences for violating post-release control.

{¶8} McCallister served his time and was released on January 19, 2015.

*Assignment of Error*

{¶9} McCallister raises one assignment of error,

{¶10} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS."

*Analysis*

{¶11} In his sole assignment of error, McCallister complains that because he was not properly advised of post-release control in his 2011 case, the Adult Parole Authority did not have the authority to place him on post-release control and thus he could not later be prosecuted for escape. Specifically, McCallister contends that the trial court's use of the word "would" during its oral pronouncement of post-release control imposes a discretionary period of post-release control and not a mandatory period.

{¶12} Post-release control is a period of supervision by the adult parole authority that begins after a prisoner is released from prison. *Woods v. Telb*, 89 Ohio St.3d 504, 509 (2000); R.C. 2967.01(N). Pursuant to R.C. 2967.28(B),

(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, *or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.* This division applies with respect to all prison terms of a type described in this division, including a term of any such type that is a risk reduction sentence. *If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a sentencing court to notify the offender pursuant to division (B)(2)(c) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division.* Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(2)(c) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence

pursuant to division (D)(1) of section 2929.14 of the Revised Code a statement regarding post-release control. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:

* * *

(3) For a felony of the third degree that is an offense of violence and is not a felony sex offense, three years.

Emphasis added. Pursuant to R.C. 2967.28(B), post-release control is mandatory in McCallister's case.

{¶13} In *State v. Jordan*, 104 Ohio St.3d. 21, 2004-Ohio-6085, 817 N.E.2d 864, the Ohio Supreme Court reviewed the statutory requirements for the imposition of post-release control and held that because a trial court has a statutory duty to provide notice of post-release control at the sentencing hearing, any sentence imposed without that notification is contrary to law. *Jordan* at ¶ 23. The court determined that a trial court is required to notify the offender about post-release control at the sentencing hearing and is further required to incorporate that notice into its journal entry imposing sentence. Id. at ¶ 9. The court determined that the proper remedy for any sentencing error was to remand to the trial court for resentencing. *Jordan* at ¶ 27.

{¶14} The Supreme Court reiterated this principle in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16, in which the court held that when an offender is convicted of or pleads guilty to one or more offenses and post-release control is not properly included in a sentence for a particular offense, the sentence for

that offense is void. Id. at ¶ 16. In considering the type of resentencing, the court held that when a court of appeals remands a case for resentencing because of the trial court's failure to inform the offender at the sentencing hearing that he or she may be subject to post-release control, the court must conduct a new sentencing hearing in its entirety rather than a hearing limited to re-imposing the original sentence with proper notice of post-release control. Id. at ¶ 13, *overruled, Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 36; *Accord State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶10.

{¶15}  In *State v. Harris*, the Supreme Court noted,

> The court in *Fischer* reaffirmed part of the holding in *Bezak*, finding that a sentence that fails to include postrelease control is void, but added the proviso that only the offending portion of the sentence is subject to review and correction. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 27. The court modified the *Bezak* holding in respect to the type of resentencing that an offender is entitled to receive, *Fischer* at ¶ 28, and held that the new sentencing hearing is limited to proper imposition of postrelease control, id. at ¶ 29.

*Harris,* 132 Ohio St.3d at ¶12.

{¶16}  The Supreme Court of Ohio has further held that "[a] sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, paragraph one of the syllabus. The Supreme Court has explained that "*Fischer*

applies to every criminal conviction, including a collateral attack on a void sentence [.]" *State v. Billiter,* 134 Ohio St.3d 103, 2012–Ohio–5144, ¶ 11. When a defendant completes the prison term he was ordered to serve, he can no longer be subject to a resentencing to correct errors in the imposition of his post-release control. *State v. Bezak*, 114 Ohio St.3d 94, 2007–Ohio–3250, ¶ 18, *modified in part, State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238. *Accord Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006–Ohio–126.

{¶17} In the case at bar, prior to the change of plea hearing, McCallister signed a "Plea of Guility(F3) Criminal Rule 11(C)" form which included a detailed explanation of post-release control in conformity with R.C. 2967.28(B)(3)and R.C. 12929.19(B)(2)(c):

> Upon release from prison, the defendant will be ordered to serve a mandatory period of three (3) years of post-release control, pursuant to R.C. 2967.28(B). This period of post-release control will be imposed as part of defendant's criminal sentence at the sentencing hearing, pursuant to R.C. 2929.19. If the defendant violates the conditions of post-release control, the defendant will be subject to an additional prison term of up to one-half of the stated prison term as otherwise determined by the parole board according to law.

{¶18} In the Court's sentencing judgment entry, the mandatory three-year term of post-release control was set forth as,

> Upon release from prison, the Defendant is ordered to serve a mandatory period of three (3) years of post-release control pursuant to R.C. 2967.28(B). This period of post-release control was imposed as part

of Defendant's criminal sentence at the sentencing hearing, pursuant to R.C. 2929.19. If the Defendant violates the conditions of post-release control, the Defendant will be subject to an additional prison term of up to one-half of the stated prison term as otherwise determined by the Parole Board, pursuant to law.

* * *

**{¶19}** On the record, during McCallister's sentencing hearing, the trial court stated,

On the F3 count, the Defendant will be sentenced to serve a term of two years imprisonment in an appropriate correctional facility. He will be given credit for any time served up through today and pending his transfer. *He would be subject to post-release control for a period of three years.* In the event that he would violate any post-release control, he would subject himself to an additional prison term of up to one half the stated sentence.

T. Stark County Court of Common Pleas, Case No. 2011 CR 0322, Sentencing, May 25, 2011 at 4-5 (emphasis added).

**{¶20}** We do not find that the trial court's use of the word "would" transforms the mandatory nature of McCallister's post-release control into a discretionary imposition of post-release control as urged by McCallister in this appeal. Under the totality of the circumstances, we conclude that the trial court substantially complied with the Supreme Court mandates and sufficiently notified McCallister about mandatory post-release control. The statements by the trial court were neither ambiguous nor equivocal with regard to whether post-release control was mandatory or discretionary. *Compare, State*

v. *Thompson,* Second Dist Montgomery No. 26395, 2015-Ohio-1473 (finding the trial court's statements to the defendant "[W]hen you get released from prison, you're going to have to serve a period of three years' post release control or you may have to[.]" (Tr. at 14–15). It then reiterated, "But with these two [convictions], you're going to have to * * * serve that [post-release control], or you may have to." (*Id.* at 15) to be ambiguous and equivocal).

{¶21} Although a sentencing court must comply with statutory requirements, the Supreme Court has not prescribed a "magic words" test for imposing post-release control. This is consistent with other areas of criminal sentencing where appellate courts have held that trial courts need not recite specific magic words in imposing a sentence. *See, State v. Williams,* 10th Dist. Franklin No. 10AP-922, 2011-Ohio-4923, ¶19; *See also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶29 ("a word-for-word recitation of the language of the statute [R.C. 2929.14(C)(4)] is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld").

{¶22} A thorough review of the entire record in the case at bar indicates that post-release control was properly imposed at the original sentencing hearing and in the original sentencing entry. The trial court did not err in overruling McCallister's motion to dismiss or in finding him guilty of Escape.

{¶23}  McCallister's sole assignment of error is overruled.

{¶24}  For the foregoing reasons, the judgment of the Court of Common Pleas,

Stark County, Ohio is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur