[Cite as *State v. King*, 2017-Ohio-462.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104293**

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# YANIRA KING

DEFENDANT-APPELLEE

## JUDGMENT:
### REVERSED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-598043-C

**BEFORE:** Jones, P.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 9, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Anthony Thomas Miranda
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Russell S. Bensing
1360 East 9th Street, Suite 600
Cleveland, Ohio 44114

Allison S. Breneman
1220 West 6th Street, Suite 303
Cleveland, Ohio 44113

ON RECONSIDERATION[1]

LARRY A. JONES, SR., P.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.

{¶2} Plaintiff-appellant, state of Ohio, appeals the sentence imposed on defendant-appellee, Yanira King, after she was convicted of drug trafficking. We reverse in part and remand.

{¶3} In February 2016, King pleaded guilty to one count of drug trafficking and one count of possessing criminal tools. The trial court sentenced her to one year of community control sanctions but did not include a license suspension in the sentencing entry. After the sentencing hearing, King moved for driving privileges "during her work hours, for purposes of paying her bills, medical appointments, and grocery store trips." The state opposed the motion and asked the court to impose the mandatory license suspension. The trial court granted King's motion and granted her driving privileges "from 6:30 am until 4:00 pm Monday through Friday as well as for medical appointments, paying bills and grocery shopping."

{¶4} The state filed a motion for leave to appeal, which this court granted.

---

[1] Upon further review, this court sua sponte reconsiders its decision in this case. The journal entry and opinion as announced by this court on January 5, 2017 (2017-Ohio-16) and vacated on January 13, 2017 is substituted with this opinion.

The state raises the following assignment of error for our review:

I. The driving privileges granted by the trial court are unauthorized by statute.

{¶5} In its sole assignment of error, the state contends that the trial court was without authority to grant King driving privileges. We are unable to reach the merits of the state's argument, however, because the trial court never issued the mandatory driver's license suspension in this case. *See State v. Smith*, 2d Dist. Montgomery No. 26217, 2015-Ohio-700, ¶ 8 (court did not reach merits of appellant's argument that trial court erred in ordering consecutive driver's license suspensions because trial court failed to include the mandatory driver's license suspensions in judgment entry of conviction).

{¶6} King pleaded guilty to drug trafficking, R.C. 2925.03(A)(2). At the time King pleaded guilty to drug trafficking, R.C. 2925.03(D)(2) and 2925.03(A)(2) mandated the driver's license suspension of an offender who is convicted of or pleads guilty to a violation of trafficking in drugs. Former R.C. 2925.03(G) provided that a sentencing court

> shall suspend for not less than six months or more than five years the driver's or commercial driver's license or permit of any person who is convicted of or pleads guilty to any violation of this section or any other specified provision of this chapter.

R.C. 2925.03 was amended by 2015 S.B. No. 204, making a driver's license suspension under R.C. 2925.03 discretionary, but the amended statute did not take effect until September 13, 2016, which was after King was sentenced.

{¶7} In *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶

18, the Ohio Supreme Court held that "when a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void." Therefore, because the trial court in this case failed to include the driver's license suspension as part of King's sentence, that part of her sentence is void.

{¶8} The state argues that the trial court's failure to impose a driver's suspension is immaterial and should not preclude this court from reaching the merit of the state's appeal. We disagree. The state is asking this court to review that part of King's sentence, her driver's license suspension, that is void. To do so would be premature. Although the license suspension was mandatory by statute, it would be advisory at this point for this court to determine whether driving privileges granted under King's sentence were contrary to law because her sentence is void.

{¶9} We next consider whether King is entitled to a de novo resentencing on the issue of her driver's license suspension. In *Harris*, the court held that resentencing in cases where the trial court failed to impose a mandatory driver's license suspension is limited solely to the imposition of the mandatory driver's license suspension. *Id.* at ¶ 18. This case differs, however, because R.C. 2925.03 has been amended since King was first sentenced. R.C. 2925.03(D) now provides that "the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section *may* suspend the driver's or commercial driver's license or permit of the offender in accordance with division (G) of this section." (Emphasis added.) Therefore, on remand, the trial court has the discretion whether to impose the driver's license

suspension.

{¶10} The sole assignment of error is sustained in part. Accordingly, this matter is remanded to the trial court for resentencing limited to determining, pursuant to R.C. 2925.03(D) and (G), whether King's driver's license should be suspended and its journalization of said decision in the judgment entry of conviction.

{¶11} The judgment of the trial court is reversed in part, and this matter is remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
MARY EILEEN KILBANE, J., DISSENTS
WITH SEPARATE OPINION

MARY EILEEN KILBANE, J., DISSENTING:

{¶12} I respectfully dissent and would affirm the trial court.