[Cite as *State v. Hurst*, 2012-Ohio-6075.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 12-CA-20 |
| MARK E. HURST | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Licking County Court of
Common Pleas, Case No. 07 CR 527

JUDGMENT:  Affirmed in part, Vacated in part and
Final Judgment Entered

DATE OF JUDGMENT ENTRY:  December 20, 2012

APPEARANCES:

For Defendant-Appellant

SCOTT D. SCHOCKLING
5073 Bixby Road
Groveport, Ohio 43125

MARK E. HURST, PRO SE
19 East Street
Newark, Ohio 43055

For Plaintiff-Appellee

KENNETH W. OSWALT
Licking County Prosecutor
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, J.*

{¶1} Defendant-appellant Mark E. Hurst appeals his February 29, 2012 sentence entered by the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On August 6, 2008, Appellant was found guilty of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(5); pandering sexually-oriented matter involving a minor, in violation of R.C. 2907.322(A)(5); and illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(3). The offenses were alleged to have taken place in March and April 2007.

{¶3} The trial court sentenced Appellant to fifteen months on each of the first two counts and nine months on the third count, all to be served consecutively, for a total term of thirty nine months. Additionally, the court classified Appellant a Tier I sex offender under Ohio's Sex Offender Registration and Notification Law (SORN Law). The Tier I classification was based on the 2008 amendments to the SORN Law, commonly referred to as the Adam Walsh Act (AWA) or Senate Bill 10.

{¶4} Appellant served his full term, and was released under the supervision of the Adult Parole Authority in November of 2011.

{¶5} In response to the Ohio Supreme Court holding in *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, on February 10, 2012, the State moved the trial court to vacate Appellant's Tier I classification and to reclassify Appellant a "sexually oriented offender," under the law in effect prior to S.B. 10, commonly known as Megan's Law or

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

S.B. 5. The trial court granted the motion without a hearing, via Judgment Entry of February 29, 2012.

{¶6} Appellant now appeals, assigning as error:

{¶7} "I. THE TRIAL COURT ERRED WHEN IT GRANTED THE STATE'S MOTION TO RECLASSIFY APPELLANT AS A 'SEXUALLY ORIENTED OFFENDER,' IN ACCORDANCE WITH MEGAN'S LAW, BECAUSE HE DID NOT COMMIT A 'SEXUALLY ORIENTED OFFENSE'.

{¶8} "II. THE TRIAL COURT ERRED WHEN IT CLASSIFIED APPELLANT AS A TIER I SEX OFFENDER, IN ACCORDANCE WITH THE ADAM WALSH ACT, AND THE RESULTING SENTENCE IS VOID."

I. and II.

{¶9} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶10} Appellant asserts the trial court erred in granting the State's motion to reclassify Appellant a sexually oriented offender in accordance with Megan's Law, as he did not commit a sexually oriented offense. Appellant maintains offenders convicted of possessing obscene or pornographic materials containing children were not subject to any registration requirements under the SORN Law in effect prior to January 1, 2008.

{¶11} Appellant was convicted of pandering obscenity involving a minor, pandering sexually-oriented matter involving a minor, and illegal use of a minor in nudity-oriented material or performance. None of the offenses for which Appellant was convicted were considered a sexually oriented offense under the previous version of R.C. 2950.01(D). As a result, Appellant maintains his sentence is void; and therefore,

this Court must remand the matter for resentencing in accordance with the SORN Law in effect when the offenses were committed.

{¶12} The State concedes error in Appellant's reclassification as a sexually oriented offender. However, the State disagrees this Court must remand for resentencing. Rather, the State asserts the only error in Appellant's sentencing is its current provision designating him a "sexually oriented offender." Accordingly, the State maintains the trial court's authority is limited to correcting the erroneous designation by removing the language classifying Appellant a "sexually oriented offender."

{¶13} We find the logic set forth in *State v. Harris,* 132 Ohio St.3d 318, 972 N.E.2d 509, 2012-Ohio-1908, and *State v. Fischer*, 128 Ohio St.3d 92, 942 N.E.2d 332, 2010-Ohio-6238, provides guidance in the situation presented.

{¶14} In *Harris*, supra, the Court held,

{¶15} "Because a mandatory driver's license suspension is a statutorily mandated term, we hold that a trial court's failure to include this term in a criminal sentence renders the sentence void in part. *Fischer*. Our conclusion reflects the well-established principle that a court acts contrary to law if it fails to impose a statutorily required term as part of an offender's sentence. *Colegrove*; *Beasley*. [citations omitted.]

{¶16} "Our conclusion, however, resolves only one part of the matter before us. As we discussed in *Fischer,* the scope of relief is a critical aspect of void judgments. *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 18. We held that 'when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside.' (Emphasis sic.) *Id.* at ¶ 26. Although we explicitly limited our decision to those cases in

which a court does not properly impose a statutorily mandated period of postrelease control, *id.* at ¶ 31, we find the same logic in *Fischer* to be controlling when it comes to other statutorily mandatory terms.

**{¶17}** "In *Fischer,* we found the illegal-sentence doctrine persuasive:

**{¶18}** "'A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.' " *Edwards v. State* (1996), 112 Nev. 704, 708, 918 P.2d 321, quoting *Allen v. United States* (D.C.1985), 495 A.2d 1145, 1149. It is, however, an appropriate vehicle for raising the claim that a sentence is facially illegal at any time. *Id.* The scope of relief based on a rule * * * is likewise constrained to the narrow function of correcting only the illegal sentence.'

**{¶19}** "*Id.* at ¶ 25. This rationale applies with equal force in cases in which a mandatory driver's license suspension was not included in the sentencing entry.

**{¶20}** "Therefore, we hold that when a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void. We further hold that resentencing of the offender is limited to the imposition of the mandatory driver's license suspension."

**{¶21}** The within appeal comes before this Court pursuant to R.C. 2953.08(A). R.C. 2953.08(G)(2) provides,

**{¶22}** "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶23}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶24}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶25}** "(b) That the sentence is otherwise contrary to law."

**{¶26}** Based upon the above, we find only that portion of Appellant's sentence classifying him a sexually oriented offender is void. As a result, this Court vacates the illegal portion of Appellant's sentence. Appellant's sentencing entry is affirmed in all other respects, excepting his classification as a sexually oriented offender, which is hereby vacated.

**{¶27}** The judgment of the Licking County Court of Common Pleas is affirmed in part, vacated in part and final judgment entered.

By: Hoffman, J.

Delaney, P.J. and

Gwin, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARK E. HURST | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12-CA-20 |

For the reason stated in our accompanying Opinion, the judgment entered by the

Licking County Court of Common Pleas is affirmed in part, vacated in part and final

judgment entered in accordance with our Opinion.  Costs to Appellee.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN