[Cite as *Hurst v. Green*, 2014-Ohio-2198.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARK EDWARD HURST | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-99 |
| | : | |
| NEWARK POLICE CHIEF GREEN, ET AL. | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of Common Pleas, Case No. 13 CV 643

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     May 20, 2014

APPEARANCES:

For Plaintiff-Appellant:                     For Defendants-Appellees:

MARK E. HURST, PRO SE                 GREGORY A. BECK
19 East Street                                    400 S. Main St.
Newark, OH 43055                            North Canton, OH 44720

*Delaney, J.*

{¶1} Plaintiff-Appellant Mark E. Hurst appeals the October 15, 2013 judgment entry of the Licking County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} The underlying facts were derived from *State v. Hurst*, 181 Ohio App.3d 454, 2009-Ohio-983, 909 N.E.2d 653 ("*Hurst I*"). Plaintiff-Appellant Mark E. Hurst worked for Robertson Construction Company in Licking County during the month of April 2007. Hurst was a field employee and had been injured on the job. Accordingly, Hurst was placed on light duty and assigned to work in the office during that month.

{¶3} On April 25, 2007, Theresa Ruby, Hurst's direct supervisor, claimed to have witnessed Hurst viewing pornography on a newly added computer station. She testified that she had found Hurst "in the other office." When Ruby walked behind Hurst, she testified that she believed she saw him looking at "pictures of naked women."

{¶4} Christian Robertson, of Robertson Construction contacted their outside computer information technology ("IT") person, Richard Day, and the police. Day testified that the computer Hurst had been using had been installed at Robertson Construction approximately one week prior to this incident. Day looked at the computer's hard disk drive, the "C" drive, in an attempt to discover whether anyone was downloading anything that he or she should not have been. His investigation did not find any physical evidence of inappropriately downloaded material or unauthorized folders created by someone using that computer workstation. However, when Day looked in the "temporary internet files" folder contained on the computer's hard disk drive, he found over 20,000 pictures. Upon opening and viewing several of the pictures, Day realized

they were pornographic photographs. Day "locked down" the computer and suggested to Christian Robertson that he contact the police. Later that afternoon, Officer Brandy Huffman arrived at the scene to collect the computer. At her request, Day made two copies of the photographs found on the computer's hard drive to a CD–ROM to be used as evidence by the police.

{¶5}   Diamond Boggs, a forensic computer expert with the Bureau of Criminal Identification and Investigation, testified that she had specific training related to detecting "virtual" children. She used this training while looking at the computer pictures at issue in the instant case. Boggs testified that the computer's hard drive contained approximately 14,000 photographs, which had been accessed April 20 through April 25, 2007. Boggs further testified that she found pictures that she believed to be child pornography or adult pornography, and some that could be either. She testified that in her expert opinion, virtual photographs of children are distinguishable from real children. She further testified that she did not find any indication that the photographs at issue were virtual, as opposed to real, children. In fact, despite her training in the area of detecting photographs of virtual children, she testified that there was "nothing that tells me that they are not real children." Boggs explained that the person who had used the computer manually typed terms into the search engine in order to search for websites associated with child pornography. In fact, in one such search the individual made a typographical error by initially typing tinyteenthungs.info, only to have to correct it. Boggs characterized the individual's access to these types of web pages as "[n]ot an accidental viewing of child pornography." Fifty pictures from the over 14,000 pictures found on the computer's hard drive were selected by Boggs as possible child

pornography. All of the 50 images were found in the computer's temporary internet cache folder. Those pictures were admitted into evidence at Hurst's jury trial.

{¶6} Hurst was interviewed by the police and confessed that he had used the computer to view pornography. He admitted that 70 percent of the time that he had spent on the computer while at work he was viewing pornographic web sites.

{¶7} On or around July 24, 2008, Hurst and his counsel signed a pleading titled "Defendant's Agreement to Amendment of Indictment," which was filed July 25, 2008. The agreement purported that Hurst understood that his indictment was defective and that a "reckless" mental state was not present in the indictment. Hurst also agreed to waive his appellate rights with respect to the indictment defect and consented to an amendment of the indictment.

{¶8} Hurst was convicted by the jury on all three counts in the indictment. The trial court sentenced appellant to 15 months on the charge of pandering obscenity involving a minor, 15 months on the charge of pandering sexually oriented matter involving a minor, and nine months on the charge of illegal use of a minor in nudity-oriented material or performance, with all three sentences running consecutively, for an aggregate sentence of 39 months. Hurst was also classified as a Tier 1 sexual offender.

{¶9} Hurst appealed his sentence and conviction, which this Court affirmed in *Hurst I*.

{¶10} Hurst failed to file a timely appeal to the Ohio Supreme Court. On June 16, 2009, Hurst filed a notice of appeal and a motion for delayed appeal with the Ohio Supreme Court. The Court denied the motion on July 29, 2009. *See State v. Hurst*, 122 Ohio St.3d 1476, 2009-Ohio-3625, 910 N.E.2d 1476.

{¶11} On October 25, 2009, Hurst filed a petition for Writ of Habeas Corpus with the United States District Court for the Southern District of Ohio, Eastern Division. *See Hurst v. Warden, Madison Correctional Inst.*, Madison Correctional Inst., S.D.Ohio No. 2:09CV1402, 2011 WL 2183299 (June 6, 2011). In his petition, Hurst asserted six counts of constitutional violations, specifically claiming he did not receive a fair trial. Hurst conceded he did not raise the constitutional violation issues on direct appeal, and was thus barred from raising them in federal court pursuant to the doctrine of res judicata. The court stayed his petition until Hurst could argue his claim of ineffective assistance of appellate counsel in state court and exhaust his state remedies. *Id.* at *8.

{¶12} Hurst filed an untimely application for reopening with this Court. We denied the motion on September 11, 2011. The Ohio Supreme Court denied the appeal of this decision in *State v. Hurst*, 130 Ohio St.3d 1497, 2011-Ohio-6556, 958 N.E.2d 959.

{¶13} Hurst served his full term and was released under the supervision of the Adult Parole Authority in November 2011.

{¶14} Hurst's case returned to the federal court where the court held that Hurst's procedural default at state court barred federal habeas review of Hurst's claims of alleged constitutional violations. *Hurst v. Warden, Madison Correctional Inst.*, S.D.Ohio No. 2:09CV1042, 2012 WL 1945103 (May 30, 2012).

{¶15} On February 10, 2012, the State moved the trial court to vacate Hurst's Tier I classification and to reclassify Hurst as a "sexually oriented offender" under the law in effect prior to S.B. 10 (S.B. 5) in response to the Ohio Supreme Court's holding in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. The trial

court granted the motion without a hearing by judgment entry filed on February 29, 2012.

{¶16} Hurst appealed the decision to this Court. In our decision, we set aside the "sexually oriented offender" determination without the need to remand the matter to the trial court. *State v. Hurst*, 5th Dist. Licking No. 12-CA-20, 2012-Ohio-6075 ("*Hurst II*"). We ordered:

> Based upon the above, we find only that portion of Appellant's sentence classifying him a sexually oriented offender is void. As a result, this Court vacates the illegal portion of Appellant's sentence. Appellant's sentencing entry is affirmed in all other respects, excepting his classification as a sexually oriented offender, which is hereby vacated.

*State v. Hurst*, 5th Dist. No. 12-CA-20, 2012-Ohio-6075, ¶ 26.

{¶17} On April 26, 2013, Hurst filed with the trial court a "Motion to Vacate and/or Void Original and Successive 'Final Judgment Entries' for 'Plain Error' of 'Allied Offenses'," a "Motion to Decrease and/or Void 'Post Release Control'," and "Motion for a New 'Sentencing Hearing'." The trial court denied the motions. Hurst appealed the decisions to this Court in *State v. Hurst*, 5th Dist. Licking No. 13-CA-64, 2013-Ohio-481 ("*Hurst III*"). We affirmed the trial court's decision and overruled Hurst's assignments of error.

{¶18} On June 27, 2013, Hurst filed a pro se complaint in the Licking County Court of Common Pleas against Defendants-Appellees Newark Police Chief Green, Officer Trotter, Officer Brandi Huffman, and Detective Robert Huffman. In his complaint, Hurst alleged the Appellees improperly gathered and handled evidence and withheld or

destroyed exculpatory evidence. Hurst's complaint stated in part, "The Defendants, under color of law, did, in their official and individual capacity collectively and individually, deny Plaintiff a fair trial. A Constitutional violation of Plaintiff's 6th Amendment Right. Defendants, through intention or gross-negligence did violate Plaintiff's constitutional rights." Hurst requested compensatory and punitive damages.

{¶19} On July 24, 2013, Appellees filed a Motion to Dismiss. In their motion, the Appellees argued Hurst's pro se complaint alleged a cause of action under 42 U.S.C. 1983. On September 4, 2013, the trial court converted Appellees' Motion to Dismiss to a Motion for Summary Judgment pursuant to Civ.R. 12(B). The parties submitted supplemental briefs.

{¶20} The trial court granted Appellees' Motion for Summary Judgment on October 15, 2013. The trial court found Hurst's claim for damages was not cognizable under 42 U.S.C. 1983.

{¶21} It is from this decision Hurst now appeals.

**ASSIGNMENTS OF ERROR**

{¶22} Hurst raises four Assignments of Error:

{¶23} "I. THE COURT OF COMMON PLEASE [SIC], LICKING COUNTY, OHIO, JUDGMENT ENTRY, FILED OCT. 15, 2013, WAS AN 'ABUSE OF DISCRETION.' THE COURT CONVERTED DEFENDANT'S 'MOTION TO DISMISS' TO A 'MOTION FOR SUMMARY JUDGMENT' PURSUANT TO CIV.R. 12(B).

{¶24} "II. THE LICKING COUNTY COMMON PLEAS COURT ABUSED THEIR DISCRETION WHEN THE FOUND THAT APPELLANT WAS ONLY CHALLENGING

HIS CONSTITUTIONAL RIGHT TO A FULL AND FAIR TRIAL, AND HIS CLAIM WAS A 42 U.S.C. 1983.

{¶25} "III. DEFENDANTS AND THE COURT OF COMMON PLEAS PUT-FORTH A UNSUSTAINABLE ARGUMENT USING THEIR STANDARD OF REVIEW AND LAW.

{¶26} "IV. THE COURT 'ABUSED THEIR DISCRETION' AND 'ERRORED' [SIC] WHEN THEY STATED: 'AS PLAINTIFF'S CLAIMS ATTACK THE VALIDITY OF HIS CONVICTION, THEY ARE NOT COGNIZABLE UNDER 42 U.S.C. 1983…'"

**ANALYSIS**

**I.**

{¶27} Hurst argues in his first Assignment of Error that the trial court erred when it converted Appellees' motion to dismiss into a motion for summary judgment. We disagree.

{¶28} Civ.R. 12(B) provides that:

When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

*Douglass v. Provia Door, Inc.*, 5th Dist. Tuscarawas No. 2012 AP 05 0034, 2013-Ohio-2853, ¶ 37-38.

{¶29} The trial court determined Appellees' motion to dismiss presented matters outside of the pleadings. In Appellees' motion to dismiss, Appellees referred to the decisions of the federal court, the Ohio Supreme Court, and the Fifth District Court of Appeals to argue Hurst's complaint failed to state a claim pursuant to Civ.R. 12(B)(6). These decisions were outside the four corners of the pleadings. The trial court notified the parties by judgment entry that it was converting the motion to dismiss to a motion for summary judgment pursuant to Civ.R. 12(B). The judgment entry was filed on September 4, 2013 and the non-oral hearing on the motion for summary judgment was scheduled for October 8, 2013. The parties were given reasonable opportunity to supplement the record with Civ.R. 56 materials. *See Petrey v. Simon,* 4 Ohio St.3d 154, 447 N.E.2d 1285 (1983), paragraphs one and two of the syllabus.

{¶30} We find no reversible error for the trial court to convert the motion to dismiss to a motion for summary judgment.

{¶31} Hurst's first Assignment of Error is overruled.

**II., III., IV.**

{¶32} Hurst's second, third, and fourth Assignments of Error argue the trial court erred when granted judgment in favor of Appellees because it found Hurst's claims were not cognizable under 42 U.S.C. 1983. We disagree.

Standard of Review

{¶33} We refer to Civ.R. 56(C) when reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶34} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶35} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

## 42 U.S.C. 1983

{¶36} "Section 1 of the Civil Rights Act of 1871, as amended, Section 1983, Title 42, U.S. Code, provides a remedy to persons whose federal rights have been violated by government officials. Section 1983 does not encompass official conduct that violates only state law; rather the statute is limited to deprivations of federal constitutional and statutory rights. *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309; *Shirokey v. Marth* (1992), 63 Ohio St.3d 113, 116, 585 N.E.2d 407, 410.*" Cook v. Cincinnati*, 103 Ohio App.3d 80, 85, 658 N.E.2d 814, 817 (1st Dist.1995).

{¶37} "To establish a 1983 claim against an individual public official, two elements are required: (1) the conduct complained of must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of a federally protected right, either constitutional or statutory. *Gomez v. Toledo* (1980), 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572; *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 34, 550 N.E.2d 456, 458; *Cooperman v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St.3d 191, 199, 513 N.E.2d 288, 296; *Roe v. Hamilton Cty. Dept. of Human Serv.* (1988), 53 Ohio App.3d 120, 560 N.E.2d 238." *Cook v. Cincinnati*, 103 Ohio App.3d 80, 85, 658 N.E.2d 814, 817 (1st Dist.1995).

{¶38} Hurst argues in his first Assignment of Error that the trial court erred when it interpreted his complaint as a 42 U.S.C. 1983 action. Hurst contends that he is not challenging his conviction and sentence with his complaint; he is claiming Appellees' actions during the investigation harmed him because of an abuse of process and/or a denial of procedural due process.

{¶39} Hurst's complaint states in part, "The Defendants, under color of law, did, in their official and individual capacity collectively and individually, deny Plaintiff a fair trial. A Constitutional violation of Plaintiff's 6th Amendment Right. Defendants, through intention or gross-negligence did violate Plaintiff's constitutional rights." Hurst requested compensatory and punitive damages.

{¶40} A review of Hurst's complaint shows that it states the two elements necessary to establish a 42 U.S.C. 1983 claim against a public official. We find no abuse of discretion for the trial court to interpret Hurst's complaint as a 42 U.S.C. 1983 action.

{¶41} In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court addressed a case where the petitioner filed a suit under 42 U.S.C. 1983 seeking damages on the claim that the respondents, acting under color of state law, had engaged in unlawful acts that had led to the petitioner's arrest and conviction. While the petitioner's 1983 claim was pending, the state supreme court upheld the petitioner's conviction and sentence and his two petitions for federal habeas relief were rejected. *Heck, supra* at 2367. The Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A

claim for damages bearing that relationship to a conviction or sentence

that has *not* been so invalidated is not cognizable under § 1983.

*Heck, supra* at syllabus.

{¶42} As stated in the Facts and Procedural History, Hurst's conviction has been upheld on appeal and his habeas petition was dismissed. Hurst argues, however, his conviction was invalidated by this court's decision in *Hurst II*. In *Hurst II*, this court vacated Hurst's classification as a sexually oriented offender. We ordered:

Based upon the above, we find only that portion of Appellant's sentence

classifying him a sexually oriented offender is void. As a result, this Court

vacates the illegal portion of Appellant's sentence. Appellant's sentencing

entry is affirmed in all other respects, excepting his classification as a

sexually oriented offender, which is hereby vacated.

*State v. Hurst*, 5th Dist. No. 12-CA-20, 2012-Ohio-6075, ¶ 26.

{¶43} *Hurst II* did not reverse Hurst's conviction or sentence. *Hurst II* vacated only the illegal portion of Hurst's sentence.

{¶44} Based on our de novo review, we find Hurst has not established there is a genuine issue of material fact that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254, in order for Hurst to recover damages under a 1983 claim. The trial court properly granted judgment as a matter of law in favor of Appellees for Hurst's failure to establish there was a genuine issue of material fact that he had a cognizable claim under 42 U.S.C. 1983.

{¶45} Hurst's second, third, and fourth Assignments of Error are overruled.

**CONCLUSION**

{¶46} The judgment of the Licking County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Hoffman, P.J. and

Wise, J., concur.