[Cite as *Hurst v. Atty. Gen.*, 2014-Ohio-3210.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Mark E. Hurst, :

        Plaintiff-Appellant, : No. 14AP-118
                                        (Ct. of Cl. No. 2013-00511)

v. : No. 14AP-152
                                        (Ct. of Cl. No. 2013-00512)

Attorney General of the State of Ohio, :

                                               (REGULAR CALENDAR)

        Defendant-Appellee. :

:

D E C I S I O N

Rendered on July 22, 2014

*Mark E. Hurst*, pro se.

*Michael DeWine*, Attorney General, and *Amy S. Brown*, for appellee.

APPEALS from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Mark E. Hurst, appeals two judgments of the Court of Claims of Ohio that dismissed his actions against defendant-appellee, the Attorney General of Ohio. For the following reasons, we affirm both judgments.

{¶ 2} On August 6, 2008, a jury found Hurst guilty of pandering obscenity involving a minor, a violation of R.C. 2907.321(A)(5); pandering sexually oriented matter involving a minor, a violation of R.C. 2907.322(A)(5); and illegal use of a minor in a nudity-oriented material or performance, a violation of R.C. 2907.323(A)(3). Hurst committed these offenses in March and April 2007.

{¶ 3}  In a judgment entry dated August 6, 2008, the Licking County Court of Common Pleas sentenced Hurst to 15 months imprisonment for each of the two pandering counts and 9 months imprisonment for the illegal use of a minor in a nudity-oriented material or performance.  The trial court also stated in the judgment entry that Hurst was a Tier I sex offender subject to the registration and reporting requirements of R.C. Chapter 2950 as amended by 2007 Am.Sub.S.B. No. 10 ("S.B. No. 10").

{¶ 4}  On July 13, 2011, the Supreme Court of Ohio decided *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374.  In that case, the Supreme Court held that S.B. No. 10, "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws."  *Id.* at syllabus.  Hurst was among those defendants who committed sex offenses prior to the enactment of S.B. No. 10, but were classified under S.B. No. 10.  Therefore, Hurst's classification as a Tier I sex offender was void.  *See State v. Salser*, 10th Dist. No. 12AP-792, 2014-Ohio-87, ¶ 8 ("[A] retroactive classification of a sex offender under S.B. 10 for an offense committed before the effective date of that act is 'void.' ").

{¶ 5}  On or about February 10, 2012, the state of Ohio, through the Licking County Prosecutor, moved to vacate Hurst's designation as a Tier I sex offender.  The motion requested that the trial court issue a judgment that, in addition to vacating the Tier I designation, classified Hurst as a sexually oriented offender pursuant to the law in effect prior to S.B. No. 10, commonly known as Megan's Law.  The trial court entered such a judgment on February 29, 2012.

{¶ 6}  Hurst appealed the February 29, 2012 judgment.  On appeal, Hurst argued, in part, that the trial court erred in classifying him as a sexually oriented offender because he did not commit a sexually oriented offense under Megan's Law.  The appellate court agreed with Hurst's argument and vacated the portion of the February 29, 2012 judgment that classified him as a sexually oriented offender.  *State v. Hurst*, 5th Dist. No. 12-CA-20, 2012-Ohio-6075, ¶ 26.

{¶ 7}  On September 3, 2013, Hurst filed two actions in the Court of Claims.  Both actions arose from the above-stated facts.  The first action, case No. 2013-00511, named the "State of Ohio" as the sole defendant.  (R. 1.)  In an order dated September 5, 2013, the

Court of Claims deleted the "State of Ohio" from the case caption and ordered Hurst to file an amended complaint naming a state department, board, office, commission, agency, institution, or other state instrumentality as defendant. Hurst complied with the court's directive. On September 23, 2013, Hurst filed an amended complaint naming the "Dept. of Justice, and/or Attorney General of the State of Ohio" as defendants. (R. 6.) In an order dated September 25, 2013, the Court of Claims dismissed the "Dept. of Justice" as a party because it is a federal agency, and only state instrumentalities may be defendants in original actions in the Court of Claims.

{¶ 8} In his second action, case No. 2013-00512, Hurst named the "State of Ohio, Licking County, [and] Prosecutor Ken Oswalt" as defendants. (R. 1.) In an order dated September 5, 2013, the Court of Claims dismissed Licking County and Oswalt as parties because neither is a state instrumentality. The court also deleted the "State of Ohio" from the case caption and ordered Hurst to file an amended complaint naming a state instrumentality as a defendant. On September 23, 2013, Hurst filed an amended complaint naming the "Dept. of Justice, and/or Attorney General of the State of Ohio" as defendants. (R. 6.) The Court of Claims issued an entry dismissing the "Dept. of Justice" as a party for the same reason given in the first action.

{¶ 9} As a result of Hurst's procedural missteps, Hurst ended up pursuing overlapping actions against the attorney general. In both his first and second actions, Hurst alleged that his classifications as a Tier I sex offender and a sexually oriented offender were unconstitutional and illegal, and these erroneous classifications caused him irreparable harm. In his first action, Hurst also alleged that, after the Supreme Court decided *Williams*, the attorney general failed to notify him that his sentence was unconstitutional and did not take any action to correct his sentence.

{¶ 10} The attorney general moved for dismissal of Hurst's actions pursuant to Civ.R. 12(B)(1) (lack of subject-matter jurisdiction) and 12(B)(6) (failure to state a claim). In judgment entries dated January 15, 2014, the Court of Claims granted the attorney general's motions. The Court of Claims held:

> Plaintiff fails to identify any statutory or common law authority [ ] to support the theory that defendant owed him the duty upon which he premises his claim, much less that he can maintain a cause of action for monetary damages in the court of claims based upon the alleged breach thereof. There

is also no support for plaintiff's more general theory that there is a cause of action available in this forum against [ ] "the state" based upon the mere fact that his sex offender determinations were vacated. In short, the amended complaint does not set forth allegations which, if proven, would entitle plaintiff to relief in this court. To the extent that the amended complaint is predicated upon the acts or omissions of the Licking County Prosecutor and the Licking County Common Pleas Court, neither of them fall within the definition of "state" set forth in R.C. 2743.01(A), and the court of claims therefore does not have jurisdiction over them.

(R. 18 in both actions.)

{¶ 11} Hurst now appeals the January 15, 2014 judgments, and he assigns the following errors:

I. The Court of Claims of Ohio, "Abused their Discretion," when they wrongly dismissed Appellant's Claims of "Harm and Damages," pursuant to Civ.R. 12(B)(1), and (6)

II. The Court of Claims of Ohio, "Was Biased and Prejudice" Towards Appellant, Therefore "Abused Their Discretion" in "Entry of Dismissal."

III. The Court of Claims of Ohio "Abused Their Discretion" and "Errored" When They Used The Dismissed Defendants to Dismiss Appellant's Claim, Insted of the General Assembly and the Attorney General, as named in the Amended Complaint.[1]

{¶ 12} Because Hurst's assignments of error are interrelated, we will address them together. By his assignments of error, Hurst challenges the Court of Claims' decision to dismiss his actions pursuant to Civ.R. 12(B)(1) and (6).

{¶ 13} A trial court must grant a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction if the complaint fails to raise a cause of action cognizable by the forum. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). Because whether a court possesses subject matter jurisdiction is a question of law, appellate courts review a ruling on a Civ.R. 12(B)(1) motion de novo. *Crosby-Edwards v. Ohio Bd. of Embalmers and Funeral Dirs.*, 175 Ohio App.3d 213, 2008-Ohio-762, ¶ 21 (10th Dist.).

---

[1] We quote Hurst's assignments of error verbatim, without correcting any spelling, punctuation, or grammatical errors.

{¶ 14} A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. " '[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' " *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991). Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

{¶ 15} Before considering Hurst's assignments of error, we must address Hurst's misperception that the General Assembly is a defendant in his actions. Hurst never sued the General Assembly. The sole defendant in these actions is the attorney general. Thus, the only question we must resolve is whether Hurst stated a cognizable claim for relief against the attorney general.

{¶ 16} Primarily, Hurst argues that the imposition of the Tier I sex offender and sexually oriented offender classifications entitles him to recover from the attorney general. Hurst, however, failed to demonstrate in his complaint that the attorney general is the entity that wronged him. The trial court—not the attorney general—applied S.B. No. 10 to Hurst even though he committed his crimes prior to the effective date of the statute. The trial court—not the attorney general—erroneously designated Hurst a sexually oriented offender. As the Court of Claims pointed out, it lacks jurisdiction to hear claims against the trial court because a common pleas court is not a state instrumentality. *See Howard v. Supreme Court of Ohio*, 10th Dist. No. 04AP-1093, 2005-Ohio-2130, ¶ 10 (because common pleas courts are not within the definition of "state" set forth R.C. 2743.01(A), the Court of Claims does not have subject-matter jurisdiction over such

courts). Therefore, assuming Hurst has a claim based on the misclassifications, it is not cognizable in the Court of Claims.[2]

{¶ 17} The complaint in Hurst's first action includes the sole allegation of wrongful conduct conceivably committed by the attorney general; namely, that the attorney general did not notify him once the Supreme Court held classifications such as his were unconstitutional or correct his Tier I sex offender classification. This allegation cannot form the basis of a cause of action against the attorney general. Neither statute nor common law imposes a duty on the attorney general to act on behalf of those defendants affected by *Williams*. Absent such a duty, Hurst has no legal recourse against the attorney general.

{¶ 18} Because Hurst has failed to state a claim against the attorney general, we overrule his assignments of error. Consequently, we affirm the judgments of the Court of Claims of Ohio.

*Judgments affirmed.*

TYACK and BROWN, JJ., concur.

————————

---

[2] We express no opinion regarding the viability of any claim Hurst may attempt to assert against the Licking County Court of Common Pleas.